LORENZO A. DELUCA,ESQ
Attorneys for Defendant, Lenox 126 Realty, LLC
1027 Hylan Boulevard
Staten Island, New York 10305
(212) 239-2339

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:
In re: Dimitri Nurseries, Inc. a/k/a
Dimitri Garden Center                                    CHAPTER 7

                                                         Case No. 09-13258 (REG)

                        Debtors

-------------------------------------------------------------------x

Angela Tese-Milner as Chapter 7 Trustee,
                        Plaintiff

-against-                                                Adv. Proc. No. 11-01449(REG)

Lenox 126 Realty, LLC

                        Defendants

-------------------------------------------------------------------x

Lorenzo A. DeLuca, declares the following under penalties of perjury:

1.      I am an attorney and the managing member of Lenox 126 Realty, LLC. ("Lenox,

LLC"). I make this declaration in support of Defendant, Lenox LLC's motion to dismiss the

adversary proceeding against Movant.

2.      The Trustee has brought this adversary proceeding naming a group individuals, all

members of the Gatanas family and entities wholly owned or controlled by them as defendants.

The trustee has also included Lenox 126 Realty LLC as a defendant upon the false allegation that

Aspasia Gatanas, the family matriarch, is its managing member.  Lenox, LLC was formed in

January 2006 to purchase a 32 unit residential apartment building located at 321 Lenox Avenue, New York, NY. There are 3 members of the LLC of which Aspasia Gatanas is one holding a disputed 30% interest[1]. I was made the sole Managing Member of the LLC. All Publicly available documents such mortgages for the LLC were all signed exclusively by me as "Managing Member" of the LLC. For example annexed hereto as Exhibit A is the signature page of a mortgage executed by the undersigned as Managing Member of the LLC on January 13, 2006 the date of closing. The entire document and numerous other documents similarly signed by the undersigned are all a matter of public record and may be viewed on the NYC Department of Finance ACRIS web site under Manhattan Block 1911 Lot 29. I have remained as the sole Managing Member of Lenox 126 Realty LLC up to the present time.

3.      The Trustee was fully aware that Aspasia Gatanas was only a member and not a manager of the LLC. At the deposition of Dimitri Gatanas, held on May 5, 2010, Gatanas testified at page 22 as follows:

A.      My understanding is that there is a company with the word Lenox and 126 LLC that exists...

Q.      What interest, if any, do you have in that?

A.      Nothing.

Q.      Are there family members that own that?

A.      My mother Aspasia Gatanas is partner or member of that LLC.

Q.      As far as you know, Dimitri Nursery has no interest in that property?

A.      Not at all.

At Page 23,

---

[1] Aspasia Gatanas defaulted on her capital contribution obligation and the LLC has terminated her rights as a Member. The matter is being litigated

Q     The other owners of the company that own the property at 126 Lenox, are they family members?

A.     No.

Q.     They are outside people?

A.     Yes.

Based on this testimony and the available public record I respectfully submit that the Trustee had no reasonable basis to allege that Aspasia Gatanas was the sole owner or the managing member of the Lenox, LLC.   Accordingly the Allegation that defendant is an Insider with respect to the Debtor is incorrect.

4.     In or about June, 2006 Aspasia Gatanas and her husband, Nick Gatanas, created a New York corporation known as 101 Lenox Ave. 126 Realty, Inc. ("101 Lenox").   Publicly available  information from the NY State Division of Corporations relating to 101 Lenox is annexed hereto as Exhibit B.   Between July 2006 and June 2008, the Gatanas' converted dozens of rent checks made payable to Lenox LLC by depositing the checks into an account number 004836224991  in the name of 101 Lenox at the Bank of America.  As a result of their fraudulent actions, Lenox LLC has commenced an action against Bank of America to recover the funds wrongfully converted.  A copy of the complaint is annexed hereto as Exhibit C.

5.     In connection with the Lenox LLC action against Bank of America, I subpoenaed all of the checking account records of 101 Lenox.   In connection therewith, after receipt of the vague allegations of the adversary complaint,  I located a number of checks written by the Debtor that were deposited into the 101 Lenox  B of A account # 004833624991.   Copies of all of these checks are annexed hereto as Exhibit D.   The checks and amounts are listed below:

| Date | Payee | Maker | Drawee Bank | Collecting Bank | Amount |
|---|---|---|---|---|---|
| 3/25/2008 | 101 Lenox | Dimitri's Garden Center | 1st Constitution | B of A 101 Lenox acct | 5,000 |
| 4/21/2008 | Lenox LLC | Dimitri's Nurseries | Pnce de Leon | B of A 101 Lenox acct | 2,000 |
| 4/24/2008 | Lenox LLC | Dimitri's Nurseries | Pnce de Leon | B of A 101 Lenox acct | 2,000 |
| 5/5/2008 | Lenox LLC | Dimitri's Nurseries | Pnce de Leon | B of A 101 Lenox acct | 2,500 |
| 9/19/2008 | Lenox LLC | Dimitri's Nurseries | Pnce de Leon | B of A 101 Lenox acct | 2,500 |
| 9/25/2008 | Lenox LLC | Dimitri's Nurseries | Pnce de Leon | B of A 101 Lenox acct | 2,250 |
| 9/25/2008 | Lenox LLC | Dimitri's Garden Center | Pnce de Leon | B of A 101 Lenox acct | 2,525 |
| 6/4/2009 | Lenox LLC | Dimitri's Garden Center | Pnce de Leon | B of A 101 Lenox acct | 1,300 |
| | | | | | |
| Total | | | | | 20,075 |

6.  The adversary complaint makes the bare legal conclusion that the Debtor made a fraudulent conveyance to Lenox LLC in the amount of $15,275. The adversary complaint, a copy of which is annexed hereto as Exhibit E, does not specify or otherwise identify the dates or manner of the alleged fraudulent transfers. Without specificity it is impossible to know with certainty what the Trustee is talking about. Presumably the checks identified above represent the fraudulent conveyances that are the subject matter of the complaint. If so, it is obvious that, irrespective of how the checks were drawn, all of the proceeds were paid, i.e. transferred, to 101 Lenox. Thus although Lenox LLC was the Payee on the checks it was not the Transferee of any of the proceeds. The Trustee's failure to make specific allegations makes all of this conjecture.

7.  My review of the 101 Lenox checking account also produced a series of transfers by check from 101 Lenox back to the Debtor. Annexed hereto as Exhibit F are copies of three checks totaling, $10,850. Assuming arguendo, that defendant Lenox LLC is somehow liable for the Gatanas' fraud it should also be allowed to offset the amount of these return transfers. It should also be noted that Debtor's principal, Dimitri Gatanas, gave deposition testimony stating that the transfers to Lenox LLC were repayments of a $25,000 advance. Dimitri testified as follows:

"Q.  Any reason that you know of why that company would have received money from Dimitri Nursery?

A.	It may have .... if I recall correctly, this entity (Lenox LLC) gave a loan to Dimitri

Nurseries, Inc. in 2005 or 2006; I think around $25,000. I believe that Dimitri Nurseries, Inc.

has since paid that back." See Transcript of Deposition of Dimitri Gatanas page 23. Based upon

the foregoing defendant is not the recipient of any fraudulent conveyance of any kind but should

be considered a net creditor of the bankrupt estate.

8.	I respectfully submit that the Adversary Complaint herein does not allege facts

sufficient to establish that a fraudulent conveyance. The complaint alleges that in addition to all

other assets and regular business revenue Debtor received in March 2007 an extraordinary gain

of $4,300,000 in connection with the sale of property at 1992 Second Avenue. The complaint

alleges, at paragraph 25, that only $2,432,701.96 of the debtor's cash assets were fraudulently

conveyed to Insiders. Thus based upon the allegations of the adversary complaint, there was at

least $1,867,298.04 of cash assets that remained after the alleged fraudulent transfers.

9.	It should be noted that none of the required schedules listing assets and liabilities

have been filed in this matter. The claims register for this Debtor lists total Creditor claims of

only $870,407.44. See Exhibit G annexed. Virtually all of these creditor claims relate to

liabilities for matters which were accrued (rent and lease payments) incurred or assessed (taxes)

in 2009 and later. For example (i) more than $300,000 of the claims are priority claims for taxes

assessed in 2009 and 2010 that were not outstanding in 2007 or 2008, (ii) $277,146.26 is

claimed as secured debt. This amount includes (a) $27,000 to the IRS assessed in 2009 (b)

$143,000 for leases[2] that were created in June 2008 and did not default until 2009 and (c) the rest

is for other equipment leases that were not in default at the time of the alleged fraudulent

transfers and (iii) $262,778.73 in unsecured debt of which (a) $155,714.77[3] is for rent due office

---

[2] Evans Leasing and Puget Sound Leasing
[3] $78,686.77 to GLS Real Estate and the balance to 143 Properties LLC

and retail space that came due in late 2008 and later, (b) unsecured claims for taxes and unpaid utility bills not due in 2007 and 2008 (c) unsecured claims for equipment lease liabilities.

10.     In the claims register there are, arguably, only three "trade" creditors of the Debtor, with total trade debt of only $19,832.12.  This amount is less than 1% of the amount of assets available to the Debtor after the alleged fraudulent conveyances.  It is not clear whether any of this trade debt existed when the alleged fraudulent transfers were made.  But even so it appears that Debtor was not rendered unable to pay its debts as a result thereof.  The relative lack of trade creditors is a clear indication that Debtor was not engaged in a scheme to defraud its creditors.   Surely they had an ongoing dispute with their Landlord which precipitated the hasty and perhaps unnecessary bankruptcy filing.

11.     I respectfully submit that the adversary complaint, even taken at face value, fails to establish that the Debtor was rendered insolvent as a result of any of the claimed transfers. More importantly, the Complaint fails to set forth any of the facts necessary to show that the defendant, Lenox 126 Realty,  LLC was the recipient of any transfer made by the Debtor to defraud any of its creditors or which rendered the Debtor unable to pay its debts.

12.     For all of the foregoing reasons I respectfully request the motion herein, be granted and that the action against the Defendant, Lenox 126 Realty, LLC be hereby dismissed with prejudice.

Dated: Staten Island, NY
     April 5, 2011
_____
LORENZO A. DELUCA,
Attorneys for Defendant, Lenox 126 Realty, LLC
1027 Hylan Boulevard
Staten island, NY 10305
(212-239-2339